30816.   CLAUDE S. BENNETT INCORPORATED
*v.* BOLLINGER.

DECIDED JUNE 13, 1945.

532

*George & John L. Westmoreland,* for plaintiff in error.

*Alex M. Hitz,* contra.

BROYLES, C. J. (After stating the foregoing facts.) Upon the trial, the evidence relating to the terms of the oral contract between the parties was in sharp conflict, but the judge, of course, had the authority to resolve that issue of fact in favor of the plaintiff. However, the defendant introduced in evidence section 5 of the 1942 act of Congress, known as the stabilization of wages and salaries act, which authorized the President of the United States to promulgate regulations to stabilize salaries and wages. Said section provides: "No employer shall pay and no employee shall receive wages or salaries in contravention of the regulations promulgated by the President under this act." The defendant also introduced in evidence title 2 of Executive Order No. 9250, passed in pursuance of the above-quoted section. Title 2 of said order reads: "No increases in wage rates granted as the result of voluntary agreements, collective bargaining, conciliation, arbi-

tration, or otherwise, and no decreases in wage rates shall be authorized unless notice of such increases or decreases shall have been filed with the National War Labor Board and unless the National War Labor Board has approved such increases or decreases." The undisputed evidence in the case showed that the wages of the plaintiff had been greatly increased, and that no notice of such increase had been filed with the National War Labor Board.

Counsel for the plaintiff contend, however, that the above-quoted executive order is not applicable to this case, in that the plaintiff was only a temporary employee, and the evidence failed to show that the employees of the defendant were organized, or that she was a member of an organization, if any existed. We can not agree with this contention. Section 5 of the stabilization act provides that "*no* employer shall pay and *no* employee shall receive wages or salaries in contravention of the regulations promulgated by the President under this act;" (italics ours) and paragraph 4 of Interpretative Bulletin No. 3 under General Order No. 31 shows that the above-quoted provision of section 5 applies to temporary employees hired "during special rush periods such as the Christmas rush." And it is immaterial whether the employees of the defendant were organized or whether the plaintiff was a member of the organization. Title 2 of Executive Order No. 9250 says: "No increases in wage rates granted as the result of *voluntary agreements,* collective bargaining, conciliation, arbitration, *or otherwise* . . shall be authorized unless notice of such increases . . shall have been filed with the National Labor Board and unless the National Labor Board has approved such increases." (Italics ours.) In this case the undisputed evidence showed that the increase in the plaintiff's wages was granted as the result of a voluntary agreement between her and the defendant.

Counsel for the plaintiff further contend that under Interpretative Bulletin No. 4, issued in July, 1944 (which holds that where a salesman had been compensated on the basis of a percentage on the amount of his sales, an increase of his earnings resulting from a fluctuation in the volume of his sales was not subject to the approval of the War Labor Board), the plaintiff's increase was not so subject. That ruling is not here applicable. The undis-

puted evidence showed that the plaintiff, at the time she received her increase, and before that period, was employed on a straight salary basis of $6 a day, and was not being compensated "on the basis of a percentage on the amount of her sales." Under the above-stated facts and the law pertinent thereto, the plaintiff's increase was not authorized; and, having been paid the full amount due her on the basis of her $6 a day salary, she was not entitled to recover any further amount.

In our opinion, the evidence demanded a verdict for the defendant, and the denial of a new trial was error.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*